### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CUBICA GROUP LLP, ) | Civil No. 2011-108 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MAPFRE PUERTO RICAN AMERICAN ) | |
| INSURANCE COMPANY (MAPFRE) AND ) | |
| ARACELIS ACEVEDO, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is defendant MAPFRE's motion to reconsider (ECF 58) the Court's April 10, 2012 Order (ECF 49) allowing plaintiff to file a motion to amend the complaint on April 9, rather than April 5, 2012.   MAPFRE contends it has been prejudiced by plaintiff's "unreasonable delay" in filing the motion, and that the April 10, 2012 Order "embodies a clear error of law." Pursuant to Local Rule of Civil Procedure 7.1(e)(3), the Court deems it appropriate to decide this motion without the need for a response or reply.

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3:

A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court.   Extensions will only be granted for good cause shown.   A motion to reconsider shall be based on:

1. intervening change in controlling law;
2. availability of new evidence, or;
3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3 (2008); *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677

Cubica Group v. MAPFRE, *et al.*
Case No. 2011-cv-108
Page 2

(3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).   The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).   A motion for reconsideration is not a substitute for an appeal, and is not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).   "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal."   *Id.*

The Order granting an additional few days for the filing of the motion seeking leave to amend did not constitute "clear error," and granting such relief in these circumstances is within the discretion of the Court.   *See AGF Marine Aviation & Transport v. Cassin*, 2007 U.S. Dist. LEXIS 6749, *5-6; 48 V.I. 720, 724 (D.V.I. 2007); *Pascuzzo v. Aetna, Inc*, 2004 U.S. Dist. LEXIS 1938, *4-5 (E.D. Pa. Jan. 29, 2004).   Moreover, it is difficult to understand in these early stages of the case, just how this brief delay could result in the prejudice to MAPFRE that it claims.   Indeed, MAPFRE had to stretch to find such prejudice, asserting that it "will be prejudiced by losing five days to answer the motion." This is not a correct statement, however, because the rules provide 14 days for MAPFRE to respond, and that period did not begin to run on April 5, but on April 9, when the motion was actually filed.   Therefore, at most, given the Court's ruling on April 10 in regard to the April 9, filing, MAPFRE may have "lost" one day of response time.[1]   In light of that,

---

[1]  As MAPFRE acknowledges, it had known in advance of the filing of the motion of plaintiff's desire to try to add an additional party, as this was discussed at a status conference, when plaintiff mentioned it wanted to seek leave to amend.   MAPFRE was aware of both the identity of the prospective new party and the reason plaintiff would seek to

Cubica Group v. MAPFRE, *et al.*
Case No. 2011-cv-108
Page 3

defendants may have one extra day in addition to the original 14 in which to file a response to the

motion to amend.

Accordingly, the motion to reconsider is DENIED.   Defendants shall file a response, if

any, to the plaintiff's motion to amend, on or before April 24, 2012.

**Dated:** April 23, 2012                                    S_____

                                                             **RUTH MILLER**
                                                             United States Magistrate Judge

---

bring that party into the case.   Of course, plaintiff did not need the Court's permission to file a motion for leave to amend, and the date for such filing was included in the Court's order in an effort to keep the case moving forward.