IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CUBICA GROUP LLLP,<br><br>                         Plaintiff,<br><br>v.<br><br>MAPFRE PUERTO RICAN<br>AMERICAN INSURANCE<br>COMPANY(MAPFRE) and<br>ARACELIS ACEVEDO,<br><br>                         Defendants. | CASE NO. 2011-108 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff's motion to amend the complaint to: (1) add Oceanside Village, Inc. as a plaintiff, (2) add a breach of contract cause of action on behalf of Oceanside against MAPFRE Puerto Rican American Insurance Company, (3) delete its bad faith cause of action against Aracelis Acevedo, and (4) delete its Count for punitive damages (ECF 48).[1]

**A. Factual and Procedural Background**

On June 18, 2007, Oceanside Village, Inc., and Cubica Group LLLP entered into a contract, wherein Cubica was to build an affordable housing community at Raphune Vistas, 1-13 Donoe, St. Thomas. (Motion to Amend, ECF 48, at 1).  The project was to be substantially

---

[1] In plaintiff's motion, plaintiff requests leave only to amend the complaint to add Oceanside as an additional plaintiff.  The additional amendments, however, are reflected in the proposed First Amended Complaint.  Additionally, although plaintiff seeks to delete the separate Count for punitive damages, plaintiff still prays for an award of punitive damages.

*Cubica Group, LLLP v. MAPFRE Puerto Rican American Ins. Co., et al.,*
Civil No. 2011-108
Page 2 of 6

completed by December 10, 2010. *Id*. On August 30, 2010, Hurricane Earl struck St. Thomas and caused significant damage to several of the units. *Id.* at 2.

When Hurricane Earl struck, the project was covered under a Builder's Risk policy, which Cubica had entered into with MAPFRE, and under which Oceanside was "an intended beneficiary under the policy."[2] *Id*. MAPFRE initially agreed that the storm damage to the units was covered under the policy, but it subsequently denied coverage on the basis that "the property did not have adequate limits of insurance" and because of MAPFRE's misapplication of a "co-insurance penalty to the value of the loss." *Id.* The denial of coverage caused Cubica to be unable to complete the project by the contracted completion date, and as a consequence, Cubica was unable to "turn those units over to Oceanside, who, in turn, could not sell those units at a profit." *Id*.

On these facts, plaintiff now seeks to add Oceanside as a plaintiff. MAPFRE contends that the motion should be denied for two reasons. First, MAPRE claims there has been undue delay in moving to amend. Second, in addition to satisfying the requirements of Rule

---

[2] In support of its motion, plaintiff submits, as Exhibit B, the Declaration to its Builder's Risk policy with MAPFRE evidencing that Oceanside was a named insured under the policy for the one-year period October 16, 2007 through October 16, 2008, and Exhibit C, an endorsement evidencing that Oceanside was a named insured under the policy for the one-year period October 16, 2009 through October 16, 2010.

*Cubica Group, LLLP v. MAPFRE Puerto Rican American Ins. Co., et al.,*
Civil No. 2011-108
Page 3 of 6

15(a), MAPFRE argues that plaintiff must satisfy the joinder requirements under Federal Rule of Civil Procedure 20(a).

### B. Legal Standard

#### 1. Rule 15(a)

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a). However,

> [w]hile Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether to grant leave to amend lies within a court's discretion. *Pennsylvania Employees Ben. Trust Fund v. Zeneca, Inc.*, 499 F.3d 239, 252 (3d Cir. 2007).

"Prejudice to the non-moving party is the touchstone for the denial of an amendment," and such prejudice must be substantial or undue. *Lorenz v. CSX Corp.*, 1 F. 3d 1406, 1413-14 (3d Cir. 1993)(quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978)). Prejudice in this context has been held to mean that the non-movant is "unfairly disadvantaged." *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)(citations omitted). "Futility" denotes

*Cubica Group, LLLP v. MAPFRE Puerto Rican American Ins. Co., et al.,*
Civil No. 2011-108
Page 4 of 6

that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

### 2. Rule 20(a)(1)

Rule 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

### C. Analysis

Defendant cites *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) for the proposition that in determining a motion to amend to join additional plaintiffs, a court must consider the requirements under both Rule 20(a)(1) and Rule 15(a). Within the Third Circuit, and particularly within this jurisdiction, *Hinson* is not controlling, and Rule 15(a) governs. *See, e.g., Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004)("Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. In particular, Rule 15(a) provides that a party can amend the complaint to add or substitute parties . . . ."); *Yeamans v. Snook*, 15 V.I. 129, 134, 142 (D.V.I. 1979)(granting

*Cubica Group, LLLP v. MAPFRE Puerto Rican American Ins. Co., et al.*,
Civil No. 2011-108
Page 5 of 6

plaintiff's motion to amend the complaint to add two new defendants pursuant to Rule 15(a)of the Federal Rules of Civil Procedure).[3]

Aside from the Rule 20(a) considerations, defendant only opposes plaintiff's motion under Rule 15(a) on the basis that there was undue delay in its filing. Defendant contends that plaintiff knew the reasons asserted in support of the motion to amend from before the inception of the action, and waited too long -- more than seven months after the action was filed – to move to amend. It should be noted that delay alone, without more, is insufficient to deny a motion to amend. *See Deakyne v. Commissioners of Lewis*, 416 F.2d 209, 300 n. 19 (3d Cir. 1969). As indicated above, prejudice is the "touchstone" for the denial of a motion to amend. Defendant does not state what prejudice, if any, it will suffer if the Court grants the motion. Further, the Court does not discern any prejudice to MAPFRE either.

---

[3] It is apparent that even if Rule 20(a)(1) were applicable, plaintiff would meet the requirements under this Rule to add Oceanside as a plaintiff. Defendant contends that plaintiff's "naked assertion," without more, that Oceanside is an intended beneficiary under the Builder's Risk policy is insufficient to meet the requirements of Rule 20(a)(1), and that to add Oceanside as a plaintiff "will entail the theoretical possibility that both entities will recover from MAPFRE." (Opposition, ECF 61, at 6-7). Plaintiff, however, has made more than a "naked assertion;" plaintiff has submitted an endorsement to the policy that demonstrates that Oceanside, at the time Hurricane Earl struck St. Thomas, was a named insured under the policy. Further, Cubica's and Oceanside's claims arise from MAPFRE's alleged wrongful denial of Cubica's claim under the Builder's Risk policy, and they seek joint relief against MAPFRE for this alleged wrong. Finally, Cubica's and Oceanside's claims will present common questions of law and fact, as the claims are based on MAPFRE's alleged wrongful denial of coverage under the policy.

*Cubica Group, LLLP v. MAPFRE Puerto Rican American Ins. Co., et al.,*
Civil No. 2011-108
Page 6 of 6

### D. Conclusion

The premises considered, it is hereby

ORDERED that plaintiff's motion is GRANTED; it is further

ORDERED that the complaint shall be referred to as the First Amended Complaint; and it is further

ORDERED that plaintiff shall file the First Amended Complaint within five days of the date of this Order.

```
                         S_____
                             RUTH MILLER
                             United States Magistrate Judge
```