IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|   |   |
|---|---|
| CUBICA GROUP LLP, and<br>OCEANSIDE VILLAGE, INC.,<br><br>Plaintiffs,<br>v.<br><br>MAPFRE PUERTO RICAN AMERICAN<br>INSURANCE COMPANY (MAPFRE) AND<br>ARACELIS ACEVEDO,<br><br>Defendants. | Civil No. 2011-108 |

## ORDER

Before the Court is plaintiffs' motion to compel the deposition of defendant Acevedo for July 18, 2012 on personal jurisdiction issues (ECF 86). Plaintiffs contend that at the July 3, 2012 status conference, the parties discussed proceeding with Acevedo's deposition on July 18, 2012, because the parties would be together on that date for argument on Acevedo's motion to quash. At the July 3 conference, defendant's counsel declined to agree to schedule a deposition for that date. On July 5, 2012, plaintiffs' counsel sent a letter (ECF 86-1) to defendant's counsel that included the following language:

> Please accept this letter as our Rule 37 request to take the deposition of your client Aracelis Acevedo on July 18, 2012 . . . Despite your clear disagreement with our request, we send this letter in good faith, hoping that you could agree to produce your client  . . .
>
> If we do not hear from you by the end of business day on July 6, 2012, we will file a motion to compel.

For the reasons that follow, this motion will be denied.

First, neither in plaintiffs' motion nor on the docket is there any indication that plaintiffs properly noticed the deposition of this party. At most, plaintiffs simply requested to take a

*Cubica Group v. MAPFRE, et al.*
Case No. 2011-cv-108
Page 2

deposition on a certain date and opposing counsel declined to agree. At this point, there is nothing for this Court to compel, and the motion is premature.[1]

Moreover, even if the deposition had been properly noticed and a dispute had arisen regarding the deponent's attendance, by no stretch is the letter accompanying plaintiffs' motion a "good faith" attempt to meet the requirements of Rule 37 or the Local Rules of this Court. An ultimatum to counsel to respond to a demand within 24 hours is in no way a good faith conference or attempted conference as required under the Rules. Rule 37 requires a *conference* and a *certification* by counsel of compliance – plaintiffs' motion satisfied none of these requirements.

Accordingly, the motion to compel is DENIED.

**Dated:** July 11, 2012                                S_____
                                                                       **RUTH MILLER**
                                                                       United States Magistrate Judge

---

[1] Of course, all counsel should be mindful of their obligations to cooperate in the discovery process, and to refrain from unilaterally noticing depositions.  See, e.g., *Simmons v. American Airlines,* 2003 WL 22768258 (D.V.I. 2003).